THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JULIUS LEMEN, Plaintiff in Error.

*Opinion filed December 17, 1907.*

1. CRIMINAL LAW—*essentials of verdict in a criminal case.* A verdict in a criminal case must be responsive to the issues, and must contain, either in itself or by reference to the indictment, every material fact constituting the crime.

2. SAME—*direction to find defendant guilty must be based upon finding all the facts necessary to establish guilt.* A direction to find a defendant guilty should never be given except as the result of finding, from the evidence, beyond a reasonable doubt, all the facts which are necessary to establish his guilt.

3. SAME—*what is not sufficient to sustain a conviction.* Where the indictment charges assault with a deadly weapon with intent to do a bodily injury without considerable provocation or under circumstances showing an abandoned and malignant heart, a belief by the jury, from the evidence, that the defendant committed the assault, simply, is not sufficient to justify a conviction unless they further believe the other elements of the crime have been shown.

4. SAME—*when error in instruction and defect in verdict are prejudicial.* A verdict, following an instruction as to its form, which finds the defendant guilty "of assault with a deadly weapon with intent to do a bodily injury, as charged in the indictment," but which fails to designate any count of the indictment or to find that the assault was without considerable provocation or was made under circumstances showing an abandoned and malignant heart, as was charged in the several counts of the indictment, is defective, and neither the error in the instruction nor the defect in the verdict is harmless.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.

WINKELMANN, OGLE & BAER, for plaintiff in error.

W. H. STEAD, Attorney General, and F. J. TECKLENBURG, State's Attorney, (B. H. TAYLOR, of counsel,) for the People.

231—13

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On December 17, 1905, Josie Voisin, a widow, lived with her two minor children, aged eleven and thirteen years, respectively, on a farm in St. Clair county, and her house stood about thirty or forty feet west of a public highway running north and south along the east side of the farm. In the evening of that day Ben Detienne, a married man, who lived in the neighborhood at some distance from Mrs. Voisin, was at her house from eight to about half-past nine, when he started to go home and she went out on the porch with him. On the east side of the road was a strip of timber containing eight or ten acres, belonging to one Bowler. While Mrs. Voisin and Detienne stood on the porch she heard a noise in the timber across the road and asked Detienne for his revolver. He gave it to her and she fired two shots in the direction of the noise. She then handed the revolver to Detienne, who fired three shots in the same direction. He then re-loaded the revolver, and the two went in the direction of the noise, through the front gate, to the middle of the road. As they reached that place two shots were fired with a shot-gun from the timber bordering the east side of the road, about forty-five feet away. Fourteen of the shot struck Mrs. Voisin in the left leg and arm, but did no serious injury. Julius Lemen, plaintiff in error, was charged with the shooting and was indicted in the circuit court of St. Clair county. The indictment contained six counts,— two charging him with assault with intent to commit murder, two charging an assault with a deadly weapon with intent to inflict bodily injury, no considerable provocation then and there appearing, and the remaining two charging an assault with a deadly weapon with intent to do bodily injury, the circumstances showing an abandoned and malignant heart. Upon a trial the jury returned the verdict hereinafter set forth, and the court sentenced the plaintiff in

error to pay a fine of $200. He sued out a writ of error
from the Appellate Court for the Fourth District, and that
court having affirmed the judgment, a writ of error was sued
out of this court to review the judgment of the Appellate
Court.

The night was very dark, but Mrs. Voisin and Detienne
both testified that after the shots were fired the defendant
stepped from behind the tree where the firing was done and
went down the road, and that they recognized him by his
general outline, cap and long overcoat, and by a peculiar
swagger in his walk. They said that when he stepped out
Mrs. Voisin said, "There he goes! shoot him!" and Detienne
shot at him three times but did not hit him. Their testi-
mony was that they then went back toward the house, and
when Mrs. Voisin got inside the gate she fainted. Immedi-
ately after the occurrence Detienne went for a doctor, and
his testimony as to the identification of the defendant was
weakened by the fact that while on his way for the doctor
he told Horace Bowler, about forty minutes after the shoot-
ing, that Mrs. Voisin was shot and that he did not know
who did it. He admitted making that statement, but said
that he made it from fear of the defendant, from which he
had recovered before the trial. The testimony of Mrs. Voi-
sin was to the effect that she and the defendant had been
very close friends, but their intimacy had ceased on account
of a suit which she brought against him for wages; that
after they ceased to be friends he was on one occasion spy-
ing about the house at night, apparently watching the prem-
ises, when she set her dogs on him; that on one occasion
she met him when she thought he was watching her to see
who was with her, and she said, "Now are you satisfied,
you damned old red-headed spy?" that his walk was pe-
culiar, and that she was so well acquainted with him she
could recognize him although it was dark. Detienne testi-
fied the same as to his swagger and the ability of the witness
to recognize his gait in the darkness. The defense was an

*alibi,* which was sustained by the testimony of the defendant and three witnesses. If their testimony was true the defendant was at home that evening and could not have committed the offense. There was no contradiction of the fact that the night was extremely dark, and there was evidence of witnesses that they were unable to recognize acquaintances at a distance of more than ten feet, and one witness said that he could not recognize a person at even less than that distance. Horace Bowler testified that when he met Detienne, after the shooting, he could not recognize anybody more than ten feet from him.

It will be seen that the evidence was of such a nature as to require accurate instructions. The court gave to the jury this instruction:

"The court instructs you that if you find the defendant guilty, from the evidence, beyond a reasonable doubt, of an assault with a deadly weapon with intent to do a bodily injury, and that he is of the age of ten years and upwards, then the form of the verdict may be as follows, to-wit: 'We, the jury, find the defendant, Julius Lemen, guilty of assault with a deadly weapon with intent to do a bodily injury, as charged in the indictment, and we find the age of the defendant to be .... years.' "

It is insisted that this instruction was wrong in directing a verdict without requiring proof of all the material elements of the crime charged. It was clearly designed as a direction to the jury concerning the crime covered by section 25, division 1, of the Criminal Code, under which four counts of the indictment were framed. That section relates to an assault with a deadly weapon with intent to inflict a bodily injury where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart. A direction to find a defendant guilty should never be given except as the result of finding, from the evidence, beyond a reasonable doubt, all the facts which are necessary to establish his guilt. (*Hix* v. *People,* 157 Ill.

382.) This direction required the jury to find that the defendant committed an assault with a deadly weapon with intent to do a bodily injury, but did not require them to find either that no considerable provocation appeared or that the circumstances of the assault showed an abandoned or malignant heart, and it was defective in omitting a requirement of one or the other of those elements of the crime. The purpose of the instruction, however, was to give to the jury the form of a verdict, and there was another instruction, numbered 11, which correctly stated the facts necessary to be found by the jury to justify a verdict under the section referred to. If the verdict had been sufficient and proper there might be ground for saying that the jury were not misled as to the necessary elements of the crime, but the verdict as returned was the same as the form given by the court, after filling the blank with the age of the defendant. It was as follows: "We, the jury, find the defendant, Julius Lemen, guilty of assault with a deadly weapon with intent to do bodily injury, as charged in the indictment, and we find the age of the defendant to be forty-four years." A verdict must be responsive to the issues, and must contain, either in itself or by reference to the indictment, every material fact constituting the crime. (*Donovan* v. *People,* 215 Ill. 520.) The form given and the verdict returned both referred to the indictment, but the reference did not aid either, since the verdict was only a finding that the assault was committed with a deadly weapon with intent to do a bodily injury, as charged in the indictment, and did not include all that was charged in any count of the indictment or all which would constitute the crime. If the jury had found the defendant guilty as charged in some designated count of the indictment the verdict would have included all the necessary elements of a crime, but as returned the jury neither found that the assault was one where no considerable provocation appeared or where the circumstances of the assault showed an abandoned or malignant heart. If the jury did not be-

lieve the testimony offered to prove an *alibi,* and believed, beyond a reasonable doubt, that the defendant did the shooting, it cannot be said that they necessarily believed that no considerable provocation appeared in the fact that five shots had been fired at the defendant with a revolver nor that the circumstances of the assault showed an abandoned or malignant heart. If the defendant was present he was not on the premises of Mrs. Voisin, was not committing any offense and had done nothing which could furnish a semblance of excuse for shooting at him. According to the testimony of Mrs. Voisin she merely suspected that he was watching her. The jury concluded that he did the shooting but did not find either of the other elements necessary to a conviction, and neither the error in the instruction nor the defect in the verdict was harmless.

The judgments of the Appellate Court and circuit court are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*