# The People of the State of Illinois, Defendant in Error, v. James Marek, Plaintiff in Error.

## Gen. No. 16,905.

1. VERDICTS—*what required in criminal case.* A verdict in a criminal case must be responsive to the issues made by the information and the plea of not guilty interposed thereto.

2. VERDICTS—*when not sufficient in criminal case.* A verdict simply finding the defendant guilty, or guilty as charged in the information is sufficient. If, however, the verdict goes further and specifically states of what the defendant is found guilty, then if the offense charged contains more than one material element (as where an unlawful act is charged to have been done with a specified criminal intent), the verdict must cover all the elements of the offense either in terms or by necessary implication or by a proper reference to the information.

Error to the Municipal Court of Chicago; the HON. JUDSON F. GOING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed May 23, 1912.

EDWARD A. SHINNICK, for plaintiff in error.

JOHN E. W. WAYMAN, for defendant in error; WILLIAM H. FEINDT, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

James Marek, plaintiff in error, sued out this writ of error to reverse a judgment of the Municipal Court, of conviction of the offense of intimidating a workman.

The information is based upon Section 159 of Division 1, of the Criminal Code, and charges that on July 22, 1909, at Chicago, etc., James Marek "did * * * by threat, intimidation and unlawful interference, seek * * * to prevent * * * Charles H. Nicholas from working at a lawful business," etc. Upon a trial by jury, a verdict was returned finding plaintiff in error "guilty of intimidation and interference with a

workman in manner and form as charged in the in-formation.'' His counsel now insists that this verdict is not responsive to the issues, and is insufficient to support the judgment, and calls our attention to the case of People v. Arnett, 126 Cal. 680.

It is undoubtedly the law that a verdict must be responsive to the issues made by the information and the plea of not guilty thereto. A verdict simply finding the defendant guilty, or guilty as charged in the information, is sufficient. If, however, the verdict goes further and specifically states of what the defendant is found guilty, then, if the offense charged contains more than one material element (as where an unlawful act is charged to have been done with a specified criminal intent) the verdict must cover all the elements of the offense either in terms, or by necessary implication, or by a proper reference to the information. People v. Lee, 237 Ill. 272, and cases cited; People v. Lemen, 231 Ill. 193. But in this case we think there is no occasion for the application of these principles, for the reason that here the verdict is entirely responsive. The only ''intimidation and interference with a workman'' which is ''charged in the information,'' is the intimidation and unlawful interference which the information charges that the plaintiff in error used in seeking to prevent Nicholas from working. The California case cited is not in point, for the reason that while the information in that case charged the defendant with an assault with intent to murder, the jury returned a verdict of guilty of assault with a deadly weapon, a different and distinct offense under the California penal code.

This being the only assigned error which is discussed in the briefs, the judgment of the Municipal Court will be affirmed.

*Judgment affirmed.*