THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DAVID STARK, Plaintiff in Error.

*Opinion filed February 16, 1927.*

1. CRIMINAL LAW—*private prosecutor may assist State's attorney.* While the practice of allowing private prosecutors paid by parties interested in securing the conviction of a defendant to appear before the grand jury and examine the witnesses is to be deprecated, the court may permit special counsel to assist the State's attorney in the prosecution of a criminal case although such counsel is paid by private parties.

2. SAME—*what is not a variance between charge and proof of theft of currency.* Where an indictment charging the larceny of money, consisting of currency, describes every kind of ten-dollar, five-dollar and one-dollar bills known to the law there is no variance, where the evidence shows that the property stolen was a ten-dollar·bill, a five-dollar bill and two one-dollar bills.

3. SAME—*what evidence is not incompetent as tending to show another offense.* Evidence tending to show that the defendant is criminally inclined or has committed crimes distinct from that charged in the indictment is not admissible where not relevant to prove an element of the offense charged; but it is not prejudicial error, where the defendant forfeited his recognizance and was apprehended in another State, for the officer who brought him back to state in his testimony that he found the defendant in the prison of said State, where there is no intimation that the defendant was arrested for any offense other than the one for which he is on trial.

4. SAME—*when improper argument will not require a reversal.* Improper argument of the prosecuting attorney will not require a reversal of a judgment of conviction in a case where the jury has nothing to do with fixing the penalty and the defendant's guilt is so clearly established that the jury could not reasonably have arrived at any other verdict.

324—19

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

NASH & AHERN, (MICHAEL J. AHERN, and JOSEPH R. ROACH, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and ROY D. JOHNSON, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error has sued out a writ of error to review the record of his conviction in the criminal court of Cook county for the larceny of $17 belonging to William B. Austin.

It is contended by plaintiff in error that the court erred in allowing Harry Pritzker to act as special State's attorney and take a leading part in the trial of the cause. The power of the court to permit special counsel to assist the State's attorney in the prosecution of a criminal case has been frequently passed upon by this court and in each instance the right of the court to do so has been sustained. (*People* v. *Hartenbower,* 283 Ill. 591.) While the practice of allowing private prosecutors paid by parties interested in securing the conviction of a defendant to appear before the grand jury and examine the witnesses is to be deprecated, yet it sometimes happens, by reason of the inability of the Attorney General to lend aid to the State's attorney and the failure of the county board to provide sufficient assistance, that the ends of justice might be defeated were private parties not allowed to furnish the needed aid.

It is contended by plaintiff in error that the State failed to prove the denominations of the bills stolen in accordance with the allegations of the indictment. In the indictment the property alleged to be stolen is described in various ways in such manner as to describe ten-dollar, five-

dollar and one-dollar bills of every kind known to the law. Austin's description of the property stolen was a ten-dollar, a five-dollar and two one-dollar bills. There was no variance between the indictment and the proof in this regard.

It is contended by plaintiff in error that the evidence does not show his guilt beyond a reasonable doubt. William B. Austin testified that on September 26, 1924, at about 10:30 o'clock in the morning he boarded a crowded street car in Chicago to go to his place of business and stood upon the platform of the car; that shortly thereafter plaintiff in error boarded the car and took his position to the right and rear of witness; that he noticed plaintiff in error bumping him; that witness placed his hand in his pocket and found his money was still there; that thereafter he was given a tremendous bump in the back; that plaintiff in error then jumped from the car, which was going about twenty miles an hour; that witness found his money was gone, jumped from the car and about four minutes thereafter found plaintiff in error in the custody of an officer; that witness said to plaintiff in error, "You are the man who picked my pocket," and no reply was made. Henry Hansen testified that he saw plaintiff in error pushing three or four times at the time and place in question; that he saw him suddenly jump off the street car; that just before he did this, witness saw plaintiff in error's hand come from underneath Austin's coat. When arrested a few minutes later he had on his person a roll of bills, the four outer ones being a ten-dollar bill, a five-dollar bill and two one-dollar bills, which were the denominations of the bills stolen. Plaintiff in error did not testify and introduced no evidence to contradict this testimony. He was released on bail and forfeited his recognizance, left the State, was apprehended in New York and returned to Chicago for trial. Upon the uncontradicted facts in this case the jury could not reasonably have found a different verdict.

It is contended by plaintiff in error that the court erred in allowing officer Hosna to testify that he had seen Stark in the Tombs prison, in New York. While it is reversible error to permit the prosecuting attorney to introduce evidence tending to show that the defendant is criminally inclined or has committed crimes distinct from that charged in the indictment, where not relevant to prove an element of the offense charged in the indictment, (*Turley* v. *People,* 188 Ill. 628; *People* v. *Decker,* 310 id. 234;) that rule does not apply here. The officer testified that he went to New York, found Stark in the Tombs prison and brought him back to Chicago, but there was no intimation that he was arrested for any offense other than the one for which he was on trial.

Complaint is made of prejudicial conduct of the complaining witness while on the witness stand, of the special assistant State's attorney in his argument, and of the trial judge. While the complaining witness persisted in repeatedly making statements which he had been warned by the court not to make and the court might well have punished him for contempt of court, in each instance the court sustained plaintiff in error's objections thereto. The State's attorney made some remarks in his arguments concerning local conditions which were not based upon the evidence, but they were not of such a character as to constitute reversible error in this case, where the jury had nothing to do with fixing the penalty and defendant's .guilt was so clearly established that the jury could not reasonably have arrived at any other verdict. *People* v. *Burke,* 322 Ill. 271.

We have carefully examined all the questions raised by plaintiff in error and have failed to find any reversible error in the record. The judgment of the criminal court of Cook county is therefore affirmed.          *Judgment affirmed.*