The People of the State of Illinois, Defendant in Error, v. Fred E. Chapman, Plaintiff in Error.

**Gen. No. 8,882.**

314

Opinion filed July 17, 1935.

John A. McKeene, of Winchester, for plaintiff in error.

C. C. Carter, State's Attorney, for defendant in error; S. H. Cummins, of Springfield, of counsel.

Mr. Justice Davis delivered the opinion of the court.
An indictment was returned by a grand jury in the circuit court of Scott county, charging the plaintiff in error with having made an assault with a deadly weapon upon one Hubert Gregory. The circuit clerk

certified said indictment to the county court of said county for trial, and upon a trial the plaintiff in error was convicted and a judgment was rendered upon the verdict of a jury and the cause is in this court upon a writ of error to said county court of Scott county.

The indictment in its two counts charged the plaintiff in error with having made an assault upon the person of one Hubert Gregory with a deadly weapon with intent to unlawfully inflict upon his person a bodily injury, no considerable provocation appearing and the circumstances of the assault showing an abandoned and malignant heart.

A motion for a new trial, in writing, was made and overruled and also a motion in arrest of judgment, specifying several grounds, was made and overruled by the court.

The clerk of the circuit court in certifying said indictment to the county court of Scott county made a certificate, as required by section 121 of the County Court Act (Cahill's Ill. Rev. St. 1933, ch. 37, ¶ 320), but did not indorse said certificate upon the back of said indictment. Plaintiff in error by his attorney moved the court to strike the case from the docket for want of a certificate of the circuit clerk of Scott county indorsed on the indictment, as required by the statute, and the People, by the State's attorney, made a cross motion for a rule on the clerk of the circuit court of Scott county to furnish a complete record in said cause, duly and properly certified.

The court denied the motion of plaintiff in error to strike said cause and granted the cross motion of the People and ruled the clerk of the circuit court to file a full and complete record of the cause with the county clerk. In compliance with said rule the clerk of the circuit court indorsed said certificate upon the back of said indictment, but failed to certify to said county court a complete record in said cause. Plaintiff in error, by his attorney, renewed his motion to strike

said cause from the docket for the reason that the rule of the county court, requiring the clerk of the circuit court to certify a complete record in said cause in the circuit court, was not complied with, which motion was overruled by the court and said defendant was required to proceed to the trial of said cause upon said indictment so certified by the clerk of the circuit court but without a complete record of said cause in the circuit court.

Plaintiff in error insists that the county court erred in requiring him to proceed to trial and in assuming jurisdiction of the case in the absence of a proper certificate from the clerk of the circuit court and without a complete record of the case in the circuit court certified to the trial court.

While it is true that said section 121 of the County Court Act provides that where the certificate therein prescribed is indorsed on the back of any indictment it shall be sufficient to warrant a trial and conviction of any party charged in any indictment so certified, and shall be deemed a sufficient record to authorize the county court to try the party so indicted, but it is further provided that either party may ask for and obtain a rule on the clerk of the circuit court for a complete record, duly and properly certified, of any cause pending in the county court having been certified as provided for in said section, and when a complete record shall be so certified to the county court, said court shall be governed thereby in all respects in all of its proceedings. A complete record, if certified, would contain proof of the organization of the circuit court, the impaneling of the grand jury, the returning of the indictment into open court by the grand jury, the indictment, and the order directing the same to be certified to the county court, and when, as in this case, a rule is entered at the instance of one of the parties for a complete record of said cause in the circuit court, duly and properly certified, it is error for the court

to proceed to trial over the objections of the defendant before such complete record is filed in said court. When said record is so filed the court must be governed thereby in all respects in all of its proceedings, and a defendant is in a position to take advantage of any lack of jurisdiction of the circuit court or error in the returning of such indictment. Until such complete record is filed, the county court is without jurisdiction to try said cause. The only way the county court can obtain jurisdiction to try a person accused by indictment is under the provisions of sections 120 and 121 of the County Court Act. *People v. Jabine,* 324 Ill. 55. The trial court was in error when it proceeded to a trial of said cause before a complete record of said cause was filed in said court.

It is further insisted that the record fails to show that the trial jury was impaneled and sworn. It is essential to the validity of the record of all criminal cases to show, among other things, that the trial jury was impaneled and sworn. The record in this case is silent as to such requirement, and for that reason defective. *People v. Gray,* 261 Ill. 140; *People v. Green,* 329 Ill. 576.

Plaintiff in error also complains of the giving of certain instructions for the People. Under the provisions of section 67 of the Civil Practice Act, Cahill's St. ch. 110, ¶ 195, which under Rule 27 of the Supreme Court governs the giving of instructions in criminal cases, specific objections must be made to all instructions which are deemed to be incorrect or misleading, and plaintiff in error not having complied with the provisions of this section, the question of the sufficiency of the instructions complained of is not before us for consideration.

It is next contended that the court erred in rendering judgment upon the verdict of the jury. It will be seen that the indictment charges plaintiff in error with making an assault upon one Hubert Gregory, with

intent to inflict upon his person bodily harm, where no considerable provocation appears and the circumstances showing an abandoned and malignant heart.

The jury returned the following verdict: "We, the jury, find the defendant guilty of an assault with a deadly weapon, in manner and form as charged in the indictment in this case."

The offense charged in the indictment is a statutory one, and it is provided, in substance, that an assault with a deadly weapon with intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart, shall subject the defendant to a fine, etc.

The verdict is not one of guilty as charged in the indictment, but is a verdict of guilty of one element of the offense as that element was charged in the indictment. Where a crime consists of an assault with a specific intent, the one charged with the crime can only be convicted upon proof both of an assault and the intent specified, both being material elements of the crime. *Turley v. People,* 188 Ill. 628.

In order to convict the defendant of the offense charged in the indictment it is not only necessary that the jury find him guilty of an assault with a deadly weapon, but it must also find that such assault was made with an intent to inflict upon the person assaulted a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned or malignant heart.

To authorize a judgment against a defendant the verdict in a criminal case must be responsive to the issues, and must contain, either in itself or by reference to the indictment, every material fact constituting the crime. *Donovan v. People,* 215 Ill. 520.

While the verdict returned by the jury referred to the indictment and while the two counts of the indictment so far as the material allegations necessary to

constitute the offense charged are the same, the reference to the indictment did not aid the verdict since the reference was limited to the assault with a deadly weapon and did not, by any reasonable intendment, include the intent to inflict upon the person assaulted a bodily injury, nor that the assault was one where no considerable provocation appeared or where the circumstances of the assault showed an abandoned or malignant heart. *Donovan v. People, supra.*

Had the jury found the defendant guilty, as charged in the indictment, the two counts being identical, the verdict would have included all of the necessary elements of the offense charged. The verdict was insufficient to authorize the judgment. *People v. Lemen,* 231 Ill. 193.

The plaintiff in error complains of the action of the court in excluding evidence offered in his behalf, but he failed to point out in his brief any ruling of the trial court on the admissibility of the evidence, and for that reason has waived any such alleged errors.

For the errors indicated the judgment of the county court is reversed and the cause remanded to said court for a retrial.

*Reversed and remanded.*