**People of the State of Illinois, Defendant in Error, v. John Manning, Plaintiff in Error.**

**Gen. No. 42,541.**

144

Opinion filed June 30, 1943. Rehearing denied August 9, 1943.

EMMETT A. MOYNIHAN and GEORGE M. CRANE, both of Chicago, for plaintiff in error.

Thomas J. Courtney, State's Attorney, for defendant in error; Edward E. Wilson, John T. Gallagher, Melvin S. Rembe and Joseph A. Pope, Assistant State's Attorneys, of counsel.

Mr. Justice Kiley delivered the opinion of the court.

Defendant appeals from a judgment upon a verdict finding him guilty of assault with a deadly weapon. He was sentenced to one year in the county jail and fined $25.

About 9 a. m. January 17, 1942, Joseph Caputo, employed for 27 years by the Chicago Daily News, drove into, and parked his truck in, the alley between Wells and Franklin streets, south of Jackson boulevard beneath the "El" structure in Chicago, Illinois. The truck blocked the alley while Caputo, at the rear, was removing bundles of newspapers. Defendant drove a Pabst Blue Ribbon Beer truck into the alley and called upon Caputo to let him through. The evidence is in some conflict as to the following events which culminated in defendant's striking Caputo with a truck crank handle. Caputo was removed to a hospital, defendant arrested and the indictment followed, charging in count 1 assault with intent to kill and in counts 2 and 3 assault with a deadly weapon, etc. Caputo's injuries included a fractured skull and loss of sight in one eye.

Defendant at the trial relied upon self-defense, claiming that Caputo was the first assailant, striking defendant on the jaw with a blackjack or piece of iron and that defendant retaliated with the crank handle.

The judgment of the trial court must be reversed because the verdict is insufficient to support the judgment. The verdict is as follows:

"We, the jury, find the defendant John Manning, guilty of Assault with a deadly weapon in manner and form as charged in the indictment. And we further find from the evidence that the said defendant, John Manning is now about the age of 45 years. We, the

above jury, recommend that the Court show leniency in passing sentence."

We may disregard the last sentence of the verdict as surplusage. It is apparent that the jury by its verdict acquitted defendant of the crime charged in the first count, which was assault with intent to kill. Counts 2 and 3 are the same except that in count 2 the term "crank handle" is used to describe the instrument of assault and in Count 3 a "certain hard substance, a further description of which is unknown." The crime is charged as follows: "Count 2. That on the date aforesaid, with said crank handle and without any considerable provocation whatever, and under circumstances showing an abandoned and malignant heart, unlawfully, wilfully and maliciously made an assault in and upon one Joseph Caputo with an intent then and there to inflict a bodily injury upon the person of said Joseph Caputo."

The defendant in attacking the sufficiency of the verdict relies here upon *People v. Chapman*, 281 Ill. App. 313. The State in this court relies upon *People v. Lee,* 237 Ill. 272. The indictment and verdict in the *Chapman* case and in *People v. Lemen*, 231 Ill. 193, are substantially the same as in the instant case. The *Lee* case appears to be the leading case on this point in the State, although it is not referred to in the *Chapman* case. Both cases, however, follow the uniform rules that a verdict finding the defendant "guilty," or finding the defendant "guilty in manner and form, as charged in the indictment," is a sufficient finding that all the essential elements of the crime charged have been proved beyond a reasonable doubt; but that where the verdict goes further and states specifically of what the defendant is found guilty, all the elements of the offense must be covered in the verdict, either in terms or by necessary implication or by proper references to the indictment. *People v. Lee,* 237 Ill. 272; *People*

*v. Marek,* 170 Ill. App. 517; *People v. Bain,* 279 Ill. 206. Further rules are that a verdict should be sustained where the intention of the jury can be ascertained from the verdict with reasonable certainty (*People v. Brautigan,* 310 Ill. 472); that a verdict is not construed with the same strictness as an indictment, but is liberally construed with all reasonable intendments indulged to support it; and that, in determining the sufficiency of a verdict, the record will be searched and all parts interpreted together and a deficiency at one place cured by what appears at another. *People v. Tierney,* 250 Ill. 515.

The verdict in this case is not responsive to the indictment. The assault with a deadly weapon was but one element of the crime charged and since the verdict attempted to specify the elements of the crime, in order to convict the defendant it was necessary to find also that the assault was made with an intent to inflict upon the person assaulted, a bodily injury without any considerable provocation and under circumstances showing an abandoned or malignant heart. *People v. Chapman; People v. Lemen.* The verdict leaves doubt of the intention of the jury, because ''assault with a deadly weapon in the manner and form as charged in the indictment'' could be reference to the instrument of the assault. We have said that the recommendation of leniency was surplusage, but it and a petition signed by the jurors and presented to the court in support of the motion for a new trial, in which the court was asked to reconsider and vacate the sentence and grant the defendant probation, increase the doubt of the meaning of the jury in omitting to find that the defendant had committed the assault without provocation and under circumstances showing an abandoned or malignant heart.

The cause will be remanded and in aid of a new trial we wish to point out that courts in foreign jurisdictions in cases cited, some of which we refer to, approve

admitting medical testimony of the extent and the degree of permanency of injuries of the person assaulted. *State v. Allen* (Mo.), 246 S. W. 946; *People v. Lathrop,* 49 Cal. App. 63, 192 Pac. 722; *State v. Haynie,* 118 N. C. 1265; *Jackson v. State,* 19 Ala. App. 339, 97 So. 260. The theory is that such evidence is admissible to show that the weapon used was dangerous and to show also the character of the assault. The reason for the rule would appear to be that the jury cannot know the force of the blow without knowing the effect and the effect here was not alone knocking Caputo to the ground. Likewise, with the jury looking back from the injuries, it can better determine the character of the act, despite the fact that the crank handle itself might be an indication of the character. The injuries following the blow, while not strictly a part of the offense, shed light upon the results of assault with a truck crank handle and afford a fair estimate of the deadliness of the instrument, as well, as the quality of the intention. These reasons justify the rule and defendant here, judging from the record, was not prejudiced. Since the testimony is admissible, we see no objection to the doctor testifying in addition to Caputo to the injuries received. The doctor was better qualified to do so.

Defendant cited *People v. Rongetti,* 331 Ill. 581 as authority for finding that the trial court was in error in refusing to permit cross-examination of State's witnesses for information concerning a civil suit by Caputo. The *Rongetti* case held it was error for the trial court in that case to refuse to admit as part of defendant's case, a court record of a civil proceeding. It is not authority for defendant's contention.

We find no error in refusing to give defendant's refused instruction 1. We believe that the State's given instruction 1 was objectionable in part by virtue of the case of *People v. Flynn,* 222 Ill. 303 and given instruction No. 10 should have included in its last part a

negative of self-defense. *People v. Duncan*, 315 Ill. 106.

For the reasons given the judgment of the criminal court is hereby reversed and the cause is remanded.

*Judgment reversed and cause remanded.*

BURKE, P. J., and HEBEL, J., concur.