# Cook *v.* The State.

## *Indictment for Robbery.*

1. *Organization of jury; error for court to order but one special venire for two or more cases.*—It is error for the trial court, in the drawing of special venires for the trial of capital cases, to order but one special venire for the trial of two or more separate and distinct capital cases; and this is true, although each of said cases may be set down for trial for the same day.

2. *Robbery; conviction can be had for lesser offense.*—On a trial under an indictment for robbery, a conviction can be had for an assault with intent to rob, for larceny, for an assault and battery, or for a simple assault; each of these lesser offenses being included in the charge of the greater offense.

3. *Robbery; admissibility of evidence.*—On a trial under an indictment for robbery, where it is shown that the defendant, after the commission of the alleged crime, fled and was apprehended in another portion of the State, it is not competent for the defendant to prove that in conversation with certain named persons a week or two weeks prior to the commission of the crime, he stated to them his intention of going to the portion of the State where he was arrested.

4. *Charge of court to jury; when properly refused.*—Charges which lays stress upon particular facts to the exclusion of others and charges which are argumentative, are properly refused.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JOHN P. HUBBARD.

[Cook v. The State.]

The appellant in this case, Sewell Cook, was jointly indicted with Marshall Rambo for the robbery of John Huttman. On the demand of defendant a severance was granted and Cook was tried separately. He was convicted of an "assault with the intent to rob," and was sentenced to the penitentiary for four years.

Before entering upon the trial of the case, the defendant moved the court to quash the *venire* drawn for this cause, for the reason that no special *venire* had been drawn by the court from the jury box and summoned by the sheriff for the trial of the defendant; but that the court had drawn and the sheriff had summoned only one special *venire* for the trial of three capital cases. On the hearing of this motion it was shown that the case against the defendant, Sewell Cook, and the case against his co-defendant, Marshall Rambo, and a case against another defendant, Will Thomas, on a charge of murder, were all set for the same day, upon the arraignment of each of said three defendants, and that the court had drawn from the jury box fifty names as a special *venire*, which, together with the regular jurors, he ordered to be served upon each of said defendants in the three several cases. The motion to quash was overruled, and the defendant duly excepted.

The rulings upon the evidence reviewed on the present appeal are sufficiently stated in the opinion.

Among the charges requested by the defendant and to the refusal to give each of which the defendant separately excepted, was the following: (6.) "The court charges the jury that they can not find the defendant guilty of assault with intent to rob."

J. J. MORRIS, for appellant.—The motion to quash the *venire* should have been sustained.—*Martin v. State,* 77 Ala. 1; Code, § 4993; *Jones v. State,* 104 Ala. 32.

CHAS. G. BROWN, Attorney-General, for the State, cited *Adams v. State,* 133 Ala. 166; 31 So. Rep. 851; *Balkum v. State,* 40 Ala. 677.

HARALSON, J.—1. Three capital cases were set down for trial on the same day, and a special *venire*

of 50 persons, to serve as jurors on the trial of each case and for all of them, was drawn. The defendant moved to quash the *venire* "for the reason that no special *venire* had been ordered by the court and summoned by the sheriff for the trial of the defendant, but that the court had drawn, and the sheriff had summoned the special *venire* for all three of said trials," which motion was overruled.

The present statute requires the court to draw "not less than 25 nor more than 50 names for *each* capital case." This requirement of the statute was not followed, but for some reason disregarded. It is unnecessary to decide whether this error of ordering one special *venire* for two or more capital cases set for trial on the same day would be without injury requiring a reversal of the judgment, when it affirmatively appears that appellant's case was the first called and tried, and that he had the benefit of the full *venire* drawn. But, if so, such drawing could only be sustained when this appears. Unless this is affirmatively shown, and not left to inference, the doctrine of error without injury cannot be applied. In this case, it is not made to appear that the defendant had the benefit of the entire *venire* drawn for his and the other capital cases set for trial at the same time, and this constitutes reversible error.

2. Section 5004 of the Code, which has reference to drawing and summoning special juries in capital cases, directs a list of the names of the persons drawn for the trial "to be immediately made out by the clerk of the court and an order issued to the sheriff to summon the persons so drawn to appear on the day set for the trial," etc. It does not, in terms, require "the place of residence and occupation of each person," to be specified on the list. It would seem, however, from the directions contained in sections 4989 and 4993, that it was the intention to have the residences and occupations set out, when it may be done, so as to give that information to the deefndant, and it would be well, while it is not mandatory, for this practice to be observed by clerks, when practicable. The provisions of these sections are directory, and it is now provided that "no

objection can be taken to any *venire* for a petit jury, except for fraud in drawing or summoning the jurors." Code, § 4997. It is not pretended that there was any fraud in this case.

3. It was shown by the State that defendant, after the alleged crime, fled to and was apprehended in Montgomery. In rebuttal of this evidence the defendant asked his witness, Whitehead, if, on Saturday previous to the alleged robbery, he did not hear Mr. Lurie tell defendant to go and look at his place across the river, and if defendant had not just told the witness that he would look at the place, and if it did not suit him he would go right away to Montgomery. This appears to have been about a week before the offense was committed. He also sought to prove by one Stewart that about a week before the alleged offense occurred defendant told him that the place he lived at did not suit him, and that he was going off, to be gone about two weeks. The court refused to allow the proof in either instance. There was no error here. The declarations of defendant sought to be proved were remote from the time of the alleged offense, had no connection with and formed no part of it, nor of any conversation or declaration ellicted by the State.

4. The defendant was found guilty of an assault with intent to rob. The crime of robbery generally includes an assault, and under an indictment for the greater, one may be convicted of the lesser offense.—Code, § 5306; *Thomas v. State*, 125 Ala. 45. The charge numbered 6 requested by defendant and refused, was, therefore, properly refused.

The general charge requested by him was properly refused, since the evidence was in conflict.

The 4th and 10th lay stress upon special facts and were subject to the vice of being argumentative.

For the error indicated the judgment below is reversed and the cause remanded.

Reversed and remanded.