(97 South. 260)
**JACKSON v. STATE.** (7. Div. 901.)

(Court of Appeals of Alabama. July 10, 1923.)

**1. Assault and battery ⊕═90—Criminal law ⊕═363—Extent of wounds and duration of recovery held relevant evidence.**

In a prosecution for assault, it is relevant to show the extent of the wounds as being a part of the res gestæ and the duration of the recovery as tending to prove the severity of the wounds.

**2. Witnesses ⊕═240(1)—Counsel has no right to ask his witness leading questions.**

After defendant's witness had told his version of the affair in its minutest detail, defendant's counsel had no right to ask him a leading question.

**3. Witnesses ⊕═363(1)—Answering subpœna served in another state not evidence of bias or prejudice.**

That witness had answered a subpœna served on him in another state does not show bias or prejudice.

Appeal from Circuit Court, Cleburne County; A. P. Agee, Judge.

Emory Jackson was convicted of assault and battery, and he appeals. Affirmed.

On cross-examination of state's witness Robinson he was asked:

"Where were you when you got a subpœna in this case to come to court?"

Objection being sustained, defendant excepted, and offered to show the witness was in Georgia.

Tate & Logan, of Anniston, for appellant.

A witness, over timely objection, should not be allowed to state his opinion or conclusion. Dennis v. State, 16 Ala. App. 115, 75 South. 707; Grantham v. State, 16 Ala. App. 38, 75 South. 183. On cross-examination of a witness broad latitude is allowed to show bias. Whitsett v. Belue, 172 Ala. 256, 54 South. 677.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The defendant was indicted jointly with his brother, Louis Jackson, on a charge of assault to murder one Walter Smith. On the trial Louis Jackson was acquitted and this defendant was convicted of an assault and battery. That being the case, we need not pass upon those portions of the court's general charge, to which exception was reserved, defining murder and assault to commit murder. The defendant having been acquitted of the charge of murder, these rulings, if erroneous, which we do not hold, were without injury to defendant.

[1] The prosecution grew out of a difficulty between defendant and his brother on the one hand and Walter Smith on the other, in which knives were used pretty freely by all parties. Whatever the evidence may disclose as to who provoked or brought on the difficulty, or whether the defendants used excessive force, it must be conceded that Walter Smith was severely cut, from the effects of which he was confined to his bed for some days. Defendant objected and moved to exclude the testimony of the prosecutor that it was something like 10 days before he was able to "get out of the house" on account of the injuries received in the difficulty. In a prosecution for assault or assault to murder it is always relevant to show the extent of the wounds as being a part of the res gestæ, and the duration of recovery is also relevant as tending to prove the severity of the wounds inflicted. Holmes v. State (Ala. Sup.) 39 South. 569.

[2] Serious insistence is made that the court erred in refusing to allow defendant's counsel to ask one of his witnesses, "When they (defendants) first saw Walter Smith, did either one of them say, 'Howdy, Walter Smith'?" This, upon the theory that, as the state's witnesses had testified that the remark or salutation, above quoted, was the beginning of the altercation resulting in the cutting, defendant's witnesses had a right to testify to the negative. So he has, but in doing so he must stay within the rule. This witness had already told his version of the affair in its minutest detail, and counsel had no right to ask a leading question that would suggest an answer.

[3] While it is always permissible to show bias or interest on the part of witnesses, by any act legally tending to influence testimony then being given, it could not be said that because a witness had answered a subpœna, served on him in another state, his interest was such that the jury might consider such fact in weighing his testimony.

The other questions presented in brief relate to the charge of assault to murder of which the defendant was acquitted.

We find no error in the record, and the judgment is affirmed.

Affirmed.