(123 So. 236)

CLAYTON v. STATE. (6 Div. 411.)

Supreme Court of Alabama. June 27, 1929.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

· Horace C. Wilkinson, of Birmingham, opposed.

FOSTER, J. In the case of Doss v. State, 123 So. 231, decided by this court at the present term, which grew out of the same transaction as this one, the rulings of the circuit court and their treatment by the Court of Appeals relating to the formation of the grand jury, the sufficiency of the indictment, the construction of section 3189 of the Code 1923 (the kidnapping statute), and the effect of the evidence as showing a violation of that statute, have been fully discussed, and the conclusion of this court stated. The views there expresssed have application here, and need no further discussion.

We express our views upon the treatment by the Court of Appeals of such additional questions as we think may arise on another trial as follows: We agree with that court that the evidence offered by defendant as to the conduct of Jeff Calloway on the church grounds, tending to show a breach of the peace, or a disturbance of the meeting in the church, and which led up to, and may have been responsible for, his seizure, was admissible as a part of the res gestæ of the offense charged. ·

We also agree that the court should have allowed the cross-examination of the witness Hughes as detailed in the opinion of the Court of Appeals; also evidence of the amount of liquor which the witness Jackson and the assaulted party, Calloway, had drunk on the way to the church on that occasion.

This court is of the opinion, however, that the action of the circuit court in admitting evidence by the state showing the severity of the punishment inflicted upon Calloway was not erroneous, for the same reason that such evidence is admissible in prosecu-

tions of assault and battery. It is said to be a part of the res gestæ of the offense, and is a circumstance tending to illustrate its enormity. Jackson v. State, 19 Ala. App. 339, 97 So. 260; Holmes v. State (Ala. Sup.) 39 So. 569.

The court concludes that it is not necessary to treat other matters discussed in the opinion of the Court of Appeals, either to approve or disapprove them, as such questions are not likely to arise on another trial.

In view of our conclusions here stated, we direct that the petition for a writ of certiorari to the Court of Appeals be and is denied.

Writ denied.

All the Justices concur, except THOMAS, J., not sitting.