(135 So. 407)

## BAILEY v. STATE.
### 6 Div. 771.

Court of Appeals of Alabama.
April 7, 1931.

Rehearing Denied June 9, 1931.

James Forman and Fort, Beddow & Ray, all of Birmingham, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The indictment charged this appellant with the offense of assault to murder Hugh McSweeney, etc., He was tried upon this indictment, and the trial resulted in a verdict by the jury of guilty of assault and battery and assessed a fine of $100. A judgment of conviction, in accordance with the verdict, was pronounced and entered, from which this appeal was taken.

The evidence, without dispute, established the corpus delicti. It tended to show that on the night in question, about 11:30 o'clock, several men went to the McSweeney home, represented themselves as officers, and stated they had a warrant of arrest for McSweeney. Made him get up out of bed and dressed and carried him away in an automobile some three or four miles and severely whipped him and beat him. No question is involved as to time or venue. The commission of the crime being shown by the evidence without dispute, the material inquiry on this trial was whether or not this appellant was one of the men who perpetrated the offense. McSweeney, the injured party, testified that the defendant (this appellant) did commit the offense. Other witnesses gave evidence of like import. This appellant denied that he committed the offense and insisted he had no knowledge of or connection therewith. He testified he was at his own home during all

the night the crime was committed and knew nothing about it until the next day, when he was told by a neighbor of the flogging of McSweeney, the night before.

This conflict in the evidence presented a jury question; the material fact as to this appellant being the perpetrator of the crime was in sharp conflict, and this case rests upon the decision of this question.

No special written charges were requested, and no motion for a new trial was made. The points of decision relied upon to effect a reversal are confined to several exceptions reserved to the court's rulings upon the admission of testimony.

■ The first insistence of error is based upon the exception reserved to the ruling of the court in allowing the state to show by the injured party that he was confined to his bed on account of the battery committed on him. This ruling was without error. Holmes v. State (Ala. Sup.) 39 So. 569, 570; Jackson v. State, 19 Ala. App. 339, 97 So. 260. In the Holmes Case, supra, the Supreme Court of Alabama said: "It was competent to show that Maggie Stansell was confined to her bed on account of the battery committed on her and the length of time she was so confined." In Jackson's Case, supra, this court said: "In a prosecution for assault or assault to murder it is always relevant to show the extent of the wounds as being a part of the res gestæ, and the duration of recovery is also relevant as tending to prove the severity of the wounds inflicted."

■■ The next rulings complained of, and to which exceptions were reserved, were in connection with the effort of the state to prove a motive for the commission of the offense. It is not essential or necessary to a conviction that a motive be proven, but when it is shown that a crime has been committed, and the circumstances point to the accused as the guilty agent, proof of a motive to commit the offense, though weak and inconclusive evidence, is, nevertheless, admissible. Overstreet v. State, 46 Ala. 30; Jones v. State, 13 Ala. App. 10, 21, 68 So. 690, and cases cited. In the rulings of the court complained of in this connection we discover no error of a reversible nature and the exceptions are not well taken.

■ Upon the cross-examination of Earl Taff, witness for defendant, it appears that the solicitor referred to certain notes in his possession in propounding questions to the witness and appellant reserved several exceptions to the rulings of the court in not requiring the solicitor to turn these notes over to defendant's counsel for inspection. The notes in question were "grand jury notes," and as such were properly in the possession of the prosecuting attorney, who had the right to refer to these private memorandums in formulating questions on cross-examination of the adverse witness. The nature and character of the notes were such that the solicitor was under no duty to submit or deliver them to defendant's counsel and the court properly declined to require him to do so. The notes were not offered in evidence, and being grand jury notes of evidence containing, as was made known to the court, matters which related to other cases, it would have been improper to have thus divulged this evidence taken before the grand jury. Moreover, the point involved was legally within the discretion of the trial judge and his rulings in this connection are sustained.

Other exceptions reserved have been examined, but no error appears in the rulings of the court to which these exceptions were taken. It would serve no good purpose to discuss these matters and we refrain from so doing.

■ On the main question of fact the jury decided adversely to the insistence of the appellant, and we think under the evidence they were justified in so doing. No reversible error appearing in any of the rulings of the court complained of, the judgment of conviction from which this appeal was taken is affirmed.

Affirmed.