171 So. 245

### FRANKLIN v. STATE.

### 6 Div. 961.

Supreme Court of Alabama.

Dec. 3, 1936.

204

A. K. Callahan and E. W. Skidmore, both of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellant, James Victor Franklin, was indicted by a grand jury of Tuscaloosa county for the offense of murder in the first degree. Upon his trial he was convicted of murder in the highest degree, and his punishment was fixed by the jury at death by electrocution.

There is no bill of exceptions in the record.

It appears from the record before us, that, before pleading to the indictment, the appellant moved to quash the indictment. This motion was made in writing and was filed in court on April 2, 1936. It is averred in the motion that there "was no sufficient evidence before the grand jury which returned said indictment," and "that there was no legal evidence adduced before the grand jury which returned the indictment"; and that "said indictment was returned by said grand jury on the uncorroborated evidence of the admitted accomplice." These grounds for quashing the indictment are stated in different forms in the motion, but they all amount to the same thing.

The court overruled appellant's said motion to quash the indictment. To this ruling, the judgment recites, the defendant "then and there in open court duly and legally" excepted.

What evidence, if any, the defendant offered in support of his said motion we have no way of knowing, as there is no bill of exceptions in the record.

 The defendant pursued his proper course in moving to quash the indictment, if it was in fact returned by the grand jury without legal evidence before it. Sparrenberger v. State, 53 Ala. 481, 25 Am.Rep. 643; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann.Cas. 867. However, the burden was upon the defendant to show that the indictment was in fact returned without legal evidence, and inasmuch as there is no evidence in the record

to support defendant's motion, we cannot review the ruling of the trial court on said motion. Sparrenberger v. State, supra.

 There was manifestly no merit in the demurrer filed by the defendant to the indictment in this case. It was in due form as prescribed by the Code. Code, § 4556, form 76.

 It only remains to be said that we have carefully read and considered the record in this case, and have found no errors. The record shows due organization of the court in which the indictment was returned, indictment in proper and legal form, duly authenticated and returned into court, proper arraignment of defendant, his plea of not guilty to the indictment, proper setting of the case for trial, drawing and summoning of special venire for the trial, and service of a copy of the venire and of the indictment upon the defendant, all as the law directs. It further appears that at each successive step in the proceedings the defendant was personally present in open court, attended by his counsel. No errors appear upon the record proper, and there is no bill of exceptions.

It follows, therefore, that the judgment of the court below must be affirmed, and it is accordingly so ordered.

It appearing that the day set for the execution of the appellant, having passed, pending this appeal, it is here and now ordered that Friday, January 29, 1937, be and the same is hereby set and fixed for the execution of the death penalty pronounced upon the appellant by the circuit court of Tuscaloosa county.

Affirmed.

All the Justices concur.