141 So.2d 206

**Henry POGOLICK**

v.

**STATE.**

**3 Div. 100.**

Court of Appeals of Alabama.

March 27, 1962.

Henry Pogolick pro se.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This appellant was convicted of destroying State property. He, according to the Attorney General in brief, attempted to obtain a free transcript of the evidence under Act No. 62, approved September 15, 1961.

The court below denied "his motion for an allowance to prosecute this cause of action to the Court of Appeals." The order fails to specify the reasons. Section 6 of Act No. 62, supra, provides therefor.

■ Inasmuch as the appellant's petition lacks, among other things, compliance with

**558**

§ 4 of Act No. 62, supra, we treat the failure of the court's order to give reasons for denying the petition as harmless error. Supreme Court Rule 45.

The specification of errors required to be put in the sworn petition under the requirements of § 4, supra, are:

"* * *. *facts* stated with particularity * * *"; and

"If the defendant alleges that the evidence is insufficient to support the verdict * * *, the statement must contain averments of *fact,* stated with particularity, describing the area in which the evidence is lacking." (Italics added.)

The sworn petition (taking Pogolick's motion to proceed in forma pauperis and his notice of appeal together) avers no facts claimed to show error. Rather the specification purports to adopt the Socratic method in averment:

"(a) Was appellant * * * accorded due process of law * * *?

"(b) Did the trial court exceed its jurisdiction by trying appellant without adhering to the U. S. Constitution * * *?

"(c) Was appellant legally entitled to appointment of counsel for his defense, in forma pauperis, by the State of Alabama?"

Several other questions posed in leading form are asked. Since the questions are not premised on matters of common knowledge, this method is not proper here.

Nowhere is there any positive statement—under the penalties of perjury—of action by the trial court which could be the foundation for a claim under § 4, supra. Thus, as we have pointed out in Artrip v. State, Ala.App., 136 So.2d 574,[1] the denial of counsel to a defendant indicted for a felony not punishable by electrocution involves pos-

sibly as many as seven categories of circumstances. The petitioner made no proof or claim of proof to show that Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 did not apply to his trial. Therefore, merely posing the question would not be enough.

The record proper is regular and the judgment below is due to be

Affirmed..