148 So.2d 251

Donald FORRESTER

v.

STATE.

6 Div. 895.

Court of Appeals of Alabama.

Dec. 11, 1962.

Donald Forrester, pro se.

MacDonald Gallion, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PER CURIAM.

This is an appeal arising out of a judgment of conviction of second degree burglary in the circuit court, in consequence of which the appellant was sentenced to ten years in the penitentiary.

The notice of appeal reads as follows:

"Comes now Donald L. Forrester and tenders this his Notice of Appeal under Section 3 of Act No. 62, Special Session 1961.

"Appellant further states that on June 19, 1962, in the Circuit Court of Jefferson County, Alabama, at Bessemer, Alabama, said appellant was convicted for the crime of Burglary, and that on June 19, 1962, Appellant was sentenced by said Court to serve a term of ten years in the State penitentiary, the said conviction being had upon a plea of 'Not Guilty' by the Appellant. The name of the said trial judge in the aforementioned proceedings was the Honorable Judge Ball.

"The Appellant Donald L. Forrester further says that he derives [desires] in good faith to appeal from the judgment of conviction and is entitled to redress he now seeks. *Appellant further avers that the trial court erred by not granting Appellants Motion to dismiss on grounds that the case was over two years old,* and Appellant was available to the court during this two year period. (Article VI Constitution of the United States), the trial court erred by letting inadmissible evidence be introduced, Appellant objected to such. Appellant's motion for the appointment of Counsel or to be allowed time to obtain and consult with counsel was denied, this was clearly an error by the trial court, and the trial court erred by not issuing subpoenas for Appellants witnesses, yet Appellant furnished the trial court with a list of said witnesses in plenty of time for the subpoenas to be issued and also trial court denied the motion for a continuance of said trial in order to obtain witnesses for Appellant. There are several more errors committed by the trial court, however Appellant is in need of the trial transcript to point them out, because of the fact of not being a man versed nor trained in law Appellant can only remember the Constitutional violations, because any school child knows that the Constitution of the United States guarantees a person certain rights regardless of race, color or creed." (Italics supplied.)

The minute entries in the record read as follows:

"On this the 21 day of June, 1960, came the State of Alabama by its Solicitor and came also the defendant in his own proper person and by counsel and said defendant being duly arraigned on said indictment for his plea thereto says that he is not guilty.

"On this the 23rd day of June, 1960: Passed unreached.

"On this the 19th day of June, 1962, came the State of Alabama by its Solicitor and came also the defendant in his own proper person and said Defendant moves for appointment of attorney to defend him.

"Said motion is by the court heard and understood.

"It is therefore ordered, considered and adjudged by the court that said motion be and is hereby overruled and denied.

"To this action of the court the Defendant duly reserves an exception. Defendant stands trial, thereupon

"On this the 19th day of June, 1962, came a jury of good and lawful men, to-wit: C. C. Newell and eleven others who being duly impanelled and sworn

according to law upon their oaths do say: 'We, the jury find the defendant guilty of Burglary in the 2nd Degree as charged in the indictment. C. C. Newell, Foreman'

"On this the 19th day of June, 1962, the said Defendant being in open court in his own proper person and being asked by the court if he had anything to say why the judgment of the court and the sentence of the law should not now be pronounced upon him, says nothing. It is therefore considered by the court and it is the judgment of the court that the defendant is guilty as charged in the said indictment and is adjudged guilty and found by the jury in its verdict and it is the sentence of the law that defendant be imprisoned in the Penitentiary for a term of ten years.

"It is further ordered, considered and adjudged by the court that the State of Alabama have and recover of the defendant all costs accrued herein, including costs of feeding defendant while in jail for the recovery of which let execution issue.

"On this the 19th day of June, 1962—Defendant gives notice of appeal. Appeal bond set at $5,000.00."

On page 6 of the record there is a final minute entry of July 11, 1962, of a judgment that the petition for a pauper's transcript is not filed according to law and that none of the claimed errors appears meritorious, nor could have afforded a basis for a reasonable contention for reversal on appeal.

Said judgment, while reciting that the defendant appeared personally, has no recital of the trial judge's examining the defendant under oath presumably because of prima facie insufficiency of allegations. Act No. 62 of September 15, 1961 (Acts 1961, pp. 1930–36).

Constitution 1901, § 6, provides in part, "* * * the accused has a right * * * in all prosecutions by indictment, [to have] a speedy public trial, by an impartial jury of the county or district in which the offense was committed; * * *." The same section also confers upon him the right to have "compulsory process for obtaining witnesses in his favor." Cf. Beale, Crim. Pleading and Practice, § 212.

■ On the record before us, we are unable to ascertain whether the defendant made a demand for a speedy public trial or whether his allegation of being always available to the court meant he was in a State prison, and whether or not his demand for a continuance to obtain witnesses was for witnesses who were within the subpoena power of the court.

■ Compulsory process for a witness is not shown to have been denied without a record showing (1) a subpoena (or attachment) was timely asked, and (2) the witness is within the court's jurisdiction. Code 1940, T. 15, § 290 (clerk issues subpoenas on application); Parsons v. State, 251 Ala. 467, 38 So.2d 209; Walker v. State, 117 Ala. 85, 23 So. 670; Sanders v. State, 181 Ala. 35, 61 So. 336; Brown v. State, 247 Ala. 288, 24 So.2d 223; Adams v. State, 33 Ala.App. 136, 31 So.2d 99; Scott v. State, 34 Ala.App. 519, 41 So.2d 630; Clark v. State, 36 Ala.App. 159, 57 So.2d 375; Powell v. State, 39 Ala.App. 246, 100 So.2d 38; Cranmore v. State, Ala.App., 129 So.2d 121 [1]; Ex parte Craft, Ala.App., 138 So.2d 266.[2] See Orfield, Subpoena in Federal Criminal Procedure, 13 Ala.Law Rev. 1, particularly pp. 21–28 under heading "State Cases."

Exceptions to Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595, are listed in Artrip v. State, Ala.App., 136 So.2d 574,[3] and Pogolick v. State, Ala.App., 141 So.2d 206.[4] See also Carter, Must Every Defend-

1. Ante, p. 276.

2. Ante, p. 519.

3. Ante, p. 492.

4. Ante, p. 557.

ant Be Represented by Counsel? 23 Ala. Lawyer 351.

However, as the Attorney General points out, the notice of appeal before us is only from the judgment of conviction entered June 19, 1962. Section 10 of Act No. 62, supra, calls for a notice of appeal from denial of a pauper's transcript. And that notice of appeal must be filed within ten days (here not later than July 30, 1962, since denial was on July 19 and the tenth day was a Sunday). The record fails to show any such notice and the time has expired.

Considering the record proper, we are unable to ascertain whether or not Forrester met the requisites of Foster, J., in Ex parte State, 255 Ala. 443, 52 So.2d 158, either substantively or procedurally. Nor do we think that a charge of second degree burglary per se and alone requires appointment of counsel to make a conviction thereof conform to due process of law. Artrip v. State, supra.

We have reviewed the record proper and consider the judgment below is due to be

Affirmed