168 So.2d 617

John Wallace HENRY

v.

STATE of Alabama.

6 Div. 99.

Supreme Court of Alabama.

Nov. 5, 1964.

—◆—

No appearance for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

SIMPSON, Justice.

John Wallace Henry brings this appeal from a conviction and sentence of murder in the second degree. He killed his ex-wife, with whom he was living at the time of the homicide.

No brief has been filed here in behalf of appellant and indeed, there seems to be little merit in the appeal. Consistent with our duty, however, under the statute, we have searched the record for error and find none. Code 1940, Tit. 15, § 389.

The affirmative charge on behalf of appellant was requested but on a review of the evidence, we are constrained to the view that the trial court properly refused it. In addition to his own confession, the other evidence pointed to his guilt, warranting the verdict of the jury so finding.

Appellant, on arraignment, in addition to the plea of not guilty, plead not guilty by reason of insanity. Several qualified physicians testified that in their opinion appellant was sane. There was little evidence to the contrary. The burden of proof, of course, was on the appellant to prove his plea of insanity and the jury was authorized in deciding against the appellant on this plea.

Certain other requested charges based on reasonable doubt were refused by the court but these charges were thoroughly covered in the court's general oral charge and so no error intervened by their refusal.

There were objections interposed to certain questions but the rulings of the court either were innocuous to the defendant or free of error. A photograph of the bedroom of the deceased where she was shot was introduced in evidence over appellant's objection but the testimony showed that there were no changes in the room immediately after the alleged murder and when the photograph was taken and that it correctly depicted the condition of the bedroom at the time of the killing. This predicate having been duly established, the introduction of the photograph was without error.

One further comment. Act No. 526, Regular Session of the Alabama Legisla-

ture 1963, approved September 16, 1963, provides in § 6 that the Chief Justice may appoint counsel on appeal where a direct appeal lies to the Supreme Court involving the life and liberty of one convicted of a serious criminal offense. We have examined the record in consultation and in view of the fact that the record fails to reflect any error on the trial below, the Chief Justice is of the opinion that appointment of counsel in this court is not necessary and the other Justices concur in this conclusion. Echols v. State, 276 Ala. 489, 164 So.2d 486; Murphy v. State, 276 Ala. 427, 163 So.2d 212.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.