242 So.2d 403

Donald SPARKS

v.

STATE.

7 Div. 9.

Court of Criminal Appeals of Alabama.

Sept. 15, 1970.

Rehearing Denied Nov. 17, 1970.

H. T. Foster, Scottsboro, Loma B. Beaty, Fort Payne, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant, Donald Sparks, stands convicted for the offense of robbery, with a penitentiary sentence of ten years.

The evidence tends to show that three armed men, with scarves covering their faces, entered the home of Wendell West, in Fort Payne, Alabama, around eleven o'clock p. m., June 27, 1966. They handcuffed and bound Mrs. Cleo West and Mrs. Wilson, a woman companion, and removed the keys to Mrs. West's Dodge Dart automobile from her purse. When Mr. West came home about one o'cock two men, each holding a gun to his head, took $334.00 from his pocket. Mr. West was then taken into the bathroom and immersed in a bathtub full of water in an effort to force him to reveal the whereabouts of his money. During the scuffle in the bathroom defendant's scarf dropped and Mr. West saw defendant's face. Mr. West was taken into the room where his wife and Mrs. Wilson were. He was handcuffed and his eyes were taped. Defendant took the keys to Mr. West's office and left with one of the men, later identified as William K. Knight. The third man remained at the house for about an hour and a half, until someone came and called to him and he left.

Officers Kean and Shirley, Fort Payne policemen, stopped the West's Dodge Dart on a Fort Payne street during the early

morning hours of June 28th. Defendant was driving the car. Knight was riding as a passenger. Neither of them could produce identification or driver's license. There were two pistols and a carbine in the car. Three cars were driven to the police station. Officers Kean and Shirley in the lead car and Sergeant Pack, a Fort Payne policeman in the police car behind the Dodge Dart driven by the defendant. Upon reaching the police station, the defendant got out and walked over to the side of Sergeant Pack's car and talked with him through the window. Defendant then ran back to the West car and drove away. The car was found abandoned some two or three hours later.

Sergeant Pack was also indicted for the robbery of Wendell West. He testified he had never seen defendant prior to the trial. He testified Mr. Clyde Traylor, representing the State, had promised him a "clean bill of health" if he would identify the defendant, Donald Sparks, as the driver of the West automobile.

Donald Sparks testified as a witness in his own behalf that he was not in Fort Payne on the evening of June 27, 1966, or the early morning of June 28; that he was in Sapulpa, Oklahoma; that he had never entered the West home or driven the Dodge Dart.

The defendant sought to establish an alibi through the testimony of Mr. Jesse Henson, owner and manager of a motel in Sapulpa, who testified Donald Sparks was registered in his motel from June 26 to June 29, 1966. He identified defendant as the person who registered and that he was present on each of the three nights.

Mr. Clyde Traylor, for the State in rebuttal, stated he had never made a promise to Sergeant Pack pertaining to Pack's identification of defendant.

The testimony presented questions for the jury's determination and was sufficient to sustain the verdict. There was no error in the court's refusal of the requested general affirmative charge nor in the denial of the motion for a new trial.

Counsel for appellant filed motion to quash the indictment on the ground there was no legal evidence before the grand jury to authorize the finding of an indictment.

■ The burden of proving the indictment was returned without legal evidence before the grand jury rested upon defendant. Gore v. State, 22 Ala.App. 136, 114 So. 791; Sparrenberger v. State, 53 Ala. 481; Franklin v. State, 233 Ala. 203, 171 So. 245.

■ No proof was presented to support the allegation that there was no legal evidence before the grand jury. The defendant failed to meet the burden placed upon him. The motion to quash was properly denied.

The defendant filed motion to require the state to produce testimony presented to the grand jury which returned the indictment. The motion was overruled. The judgment entry recites that the testimony taken on this motion shows conclusively that the testimony before the grand jury was not preserved in writing. Adams v. State, 33 Ala.App. 136, 31 So.2d 99, holds that if the state uses part of the transcribed notes of the testimony before the grand jury, the defendant is entitled to inspect all of such testimony.

In Bailey v. State, 24 Ala.App. 339, 135 So. 407, the court said the trial judge will not be put in error for refusing to order production of grand jury notes where they were used by the prosecutor merely to formulate questions and were not offered in evidence by the state. See also the article by Hon. L. Drew Redden, published in 22 Alabama Lawyer at p. 115 (April, 1961).

■ Without deciding that a defendant is entitled to be furnished with the testimony taken before the grand jury, (See Sanders v. State, 278 Ala. 453, 179 So.2d 35) we simply hold that in this case the

motion was properly denied, since the judgment entry shows the testimony before the grand jury was not available.

■ Appellant contends the trial court erred in putting him to trial over objection when three jurors, properly summoned, failed to appear.

The judgment entry shows that the jury list served upon the defendant from which to select a jury consisted of eighty jurors regularly drawn for jury duty and twenty special jurors properly drawn, consisting of venire of one hundred jurors. A hearing was had on the motion. The sheriff testified he was unable to locate one of the jurors inquired about. The trial judge stated he had not excused either of the three jurors. There was no error in the court's ruling. Nolen v. State, 35 Ala. App. 249, 45 So.2d 786; Title 30, §§ 63 and 67, Code of Alabama 1940.

■ The clerk entered opposite each name on the jury list the occupation and place of residence of such person. The provisions of Title 30, § 30, Code, supra, as to the listing the place of business of each person are directory only, and the failure to list the place of business is not a ground for granting a motion to quash the venire, § 45, Title 30, Code, supra; Childress v. State, 122 Ala. 21, 22, 26 So. 162; White v. State, 136 Ala. 58, 34 So. 177. There was no showing of fraud. Cook v. State, 134 Ala. 137, 32 So. 696; White v. State, supra.

Defendant's motion for a continuance because of the absence of the witnesses William K. Knight, alleged to have been a participant in the robbery, and Ida Bell Wilson, the woman who was with Mrs. West at the time of the robbery, was denied.

■ The motion for a continuance was addressed to the sound discretion of the trial court, whose action is not reviewable unless gross abuse is shown. Denial of continuance is not a palpable abuse of discretion in the absence of a showing as to what the witness would testify. Brand v. State, 13 Ala.App. 390, 69 So. 379; Hudson v. State, 217 Ala. 479, 116 So. 800. No showing as to what the absent witnesses would swear was introduced in support of the motion. We find no abuse of discretion.

■ Counsel argues in brief that defendant was deprived of his constitutional right to compulsory process for the attendance of witnesses. It was shown that ordinary compulsory process of subpoena had been issued for these witnesses, but that Knight was not found and at the time of trial Mrs. Wilson was in Florida.

In Childress v. State, 86 Ala. 77, 5 So. 775, the court said:

"Extraordinary compulsory process, such as attachment, is not resorted to, until the witness has placed himself in contempt, and the propriety and the necessity of the process are shown. The court is not bound to order an attachment, ex mero motu, on the failure of the witness to appear in answer to the subpoena. It is not shown that the defendant asked for an attachment, or other compulsory process."

It is not shown that the defendant asked for an attachment or that the witnesses were within the jurisdiction of the court. Forrester v. State, 41 Ala.App. 654, 148 So.2d 251; Jarvis v. State, 220 Ala. 501, 126 So. 127. See also Powell v. State, 39 Ala.App. 246, 100 So.2d 38, cert. den. 267 Ala. 100, 100 So.2d 46.

After the state had rested its case in chief and during the examination of defendant's witnesses he sought to introduce magnetic tape recordings of statements allegedly made by Ida Bell Wilson and written statements of absent witnesses Ida Bell Wilson and William K. Knight. The tapes were offered "for the purpose of impeaching the witnesses Kean and Mrs. West and Mr. West and Shirley." The State's objec-

tion to the introduction of these statements was sustained.

▮ Our statute, Title 15, §§ 297, 298, Code 1940, provides that a defendant in a criminal case may take the deposition of any witness who is unavailable to testify for any of the reasons set out therein. Also, it is an established rule that the testimony of a witness on a former trial may be introduced on a subsequent trial where the witness is inaccessible, provided certain conditions are found to exist and the fundamental requirements for the admission of such testimony are met. Welldon v. Roberts, 37 Ala.App. 1, 67 So.2d 69, affirmed 259 Ala. 517, 67 So.2d 75; 31A C.J.S. Evidence Chapter 1X, pp. 944, 978.

▮ There was no contention that the tapes and statements came within the requirements of the rule. No foundation or predicate was laid to assure the authenticity of the offered exhibits. They were inadmissible as hearsay and the court properly excluded them.

▮ Officer David Kean testified that around 1:30 the night of the robbery he and officer Shirley stopped the West automobile, driven by the defendant, in front of Rupil's restaurant; that they were in front of the restaurant for fifteen or twenty minutes during which time they searched the two men in the car. He described the clothes worn by the men and the physical appearance of Mr. Sparks, his weight, color of his eyes and hair. He was then shown photographs of the area where the car was stopped. The State's objection to the admission of defendant's Exhibit 7, a night photograph of the location, was sustained. The witness stated the photograph did not correctly depict the lighting conditions as they appeared at the time of the arrest. The photograph was properly excluded. Vandiver v. State, 37 Ala.App. 526, 73 So.2d 566; Henry v. State, 277 Ala. 247, 168 So.2d 617.

The record discloses the jury retired to consider its verdict at 1:40 p. m., on Fri-

day, August 30th. At 5:30 they were brought before the court and sent to supper. After supper they deliberated until 8:00 o'clock when they were sent to their rooms for the night.

The judge who tried the case resided in another county in the circuit. On Saturday morning the jury returned to the courtroom and reported they could not reach a verdict. A circuit judge residing in the county of trial, who evidently had agreed to accept the verdict, charged the jury as to its duty to reach a verdict, if possible, and sent the jury to its room for further deliberation. No exception was reserved to the court's instruction and nothing is presented for our review.

One of the grounds of motion for a new trial was that the defendant was denied a fair and impartial trial, for that the jury "sought to leave the jury room and report to the court at 9:45 o'clock A. M., on the 31st day of August, 1968, but was denied by the bailiffs of said court, and informed that a judge was not available for them to report to, and that the jury was refused every attempt to return without unanimous agreement of conviction, and on a weekend when one or more of the jurors had a pressing engagement."

Mr. Stowe, a juror, testified at the hearing on the motion for new trial that on Saturday morning he knocked on the jury room door and informed the bailiff the jury could not agree. The bailiff told him the "Judge said try it a little longer." He stated on cross examination that the fact that he had planned a trip for the weekend did not influence his verdict.

Juror Caldwell stated he did not recall that the bailiff refused to let the jury come out or that he told them to deliberate longer.

Mrs. Inez Robertson, a juror, testified she remembered the occasion on Saturday morning when the bailiff told the jury to deliberate a little longer.

Mr. Ballenger, a juror, testified the verdict was returned about 2:00 p. m. At about 9:45 a. m. the jury attempted to inform the court they were deadlocked, but the bailiff told them the judge said for them to go back and deliberate further.

 Mr. Walter Lybrand, called as a witness by the defendant, testified he served as bailiff in this case. He remembered that on Saturday morning one of the jurors wanted to talk to the judge. He did not remember telling the jury the judge said to go back and deliberate further. "I told them they would have to come in before the Judge." In reply to questions by defense attorney the witness stated he did not telephone the judge to find out what time he was coming or to tell him the jury "wanted to come out." The inference to be drawn from this testimony is that the judge had not reached the courthouse when the jury made its request, and there was not an arbitrary refusal of such request by the bailiff. We are of opinion the court did not err in denying defendant's motion for a new trial on the ground of the alleged misconduct of the bailiff.

The judgment is due to be and hereby is affirmed.

Affirmed.