288 So.2d 810

**Samuel L. GAINES**

v.

**STATE.**

2 Div. 119.

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Rehearing Denied Oct. 30, 1973.

Orzell Billingsley, Jr., Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, Francis A. Poggi, Jr., Sp. Asst. Atty. Gen., Fairhope, for appellee.

HARRIS, Judge.

Appellant was indicted, tried and convicted for the offense of manslaughter in the first degree and his punishment fixed at imprisonment in the penitentiary for a term of five (5) years.

The homicide grew out of a head-on automobile collision on Sunday afternoon, May 28, 1972, on Alabama Highway 14, about one mile west of the city limits of Eutaw, near the intersection of I–59 and I–20 in Greene County. This was a two-lane highway at the time and place of the collision.

The facts are not in dispute. At about 5:00 P.M. on this occasion, Mrs. Olive R. McGee was driving a 1972 Pontiac automobile in a westerly direction approaching a hill. She was accompanied by her husband, James S. McGee, who died two days later in a hospital in Tuscaloosa from the injuries he sustained in the collision. Appellant was driving his 1972 Chevrolet (Stingray) automobile in an easterly direction and was going down grade. Apparently there was no traffic in front of Mrs. McGee though there was traffic behind her. There was a line of traffic in front of appellant and as he came over the hill he pulled out of his lane of travel and attempted to pass the automobiles going in the same direction which

put him in the wrong traffic lane. There was a ditch and high embankments on both sides of the highway. The shoulders of the highway were too narrow to accomodate the width of an automobile for parking or traveling. Assuming that after Mrs. McGee discovered her peril, there was time left to vacate her proper lane of travel and give appellant an open road, she had no place to go. According to her testimony, she saw appellant pull out into her lane and he was traveling so fast she didn't have time. to do anything even if the topography was such that she could have abandoned the highway without risking their lives. By his own admission, appellant was driving at a speed of seventy-five (75) miles per hour as he approached the McGee car. He applied his brakes and laid down three hundred and thirty-five (335) feet of solid skid marks leading up to and ending at the impact.

The court reporter's transcript of the testimony was not filed with the circuit clerk within the time allowed by law notwithstanding two (2) thirty-day extensions granted by the trial court. The Attorney General's Office did not see fit to file a motion to strike the transcript of the court reporter and dismiss the appeal. The tenor of the cases seems to be that such a motion is required before we can act. The author of this opinion does not believe this is a correct principle of law. To my mind this is a matter that we should reach *ex mero motu*. But be that as it may, we will not decide that issue at this time.

Prior to trial, appellant filed a motion requiring the state to produce for his inspection and examination a copy of the transcript or minutes of the testimony of witnesses before the grand jury that indicted him. There was testimony on the motion which disclosed that witnesses before the grand jury in the Circuit Court of Greene County are sworn and examined orally by the District Attorney and that no transcription is made of their testimony and no minutes are kept.

The proceedings of a grand jury are largely informal and free from technicalities in obtaining information to determine whether the state's laws have been violated. Absent a statute requiring testimony before a grand jury be recorded and transcribed the general law does not require such testimony be recorded. In the instant case, the testimony before the grand jury was not recorded and was therefore not available. No error intervened here. Sparks v. State, 46 Ala.App. 357, 242 So.2d 403, certiorari denied 402 U.S. 909, 91 S.Ct. 1382, 28 L.Ed.2d 650; Sanders v. State, 278 Ala. 453, 179 So.2d 35.

Appellant filed a motion for a new trial contending, among other things, that the jury did not represent a cross section of the county due to the fact that the ages of the jurors were in excess of forty (40) years of age. Our law requires the jury commission to place on the jury roll and in the jury box the "names of all citizens of the county who are generally reputed to be honest and intelligent and are esteemed in the community for their integrity, good character and sound judgment," etc. Persons under twenty-one (21) years of age are not at this time qualified to serve as jurors, and persons over the age of sixty-five (65) years of age cannot be required to serve. Title 30, Section 21, Code of Alabama 1940, as amended.

Appellant is black and the deceased was white. The jury selected to try appellant was composed of eleven (11) blacks and one (1) white. It is difficult to conceive how he could have had a "fairer shake" at the bar of justice with a jury so constituted. We have not found a case, nor have we been cited one, holding that a defendant, black or white, has a constitutional right to be tried by a jury who are under forty years of age. The record in this case does not contain one thread of evidence even tending to show racial discrimination in the makeup of the jury rolls and the jury box in Greene County, Alabama.

We have carefully searched the record for errors affecting the substantial rights of appellant and have found none. However, the judgment in this case is erroneous for failure of the trial court to ask the prisoner if he had anything to say as to why sentence should not be pronounced upon him. Smith v. State, 28 Ala. App. 506, 189 So. 86; Thomas v. State, 280 Ala. 109, 190 So.2d 542.

The judgment of conviction is affirmed but the cause is remanded for proper sentence.

Affirmed. Remanded for proper sentence.

All the Judges concur.