321 So.2d 243

**Joe Nathan JACKSON, alias**

v.

**STATE.**

**7 Div. 335.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 28, 1975.

Myron K. Allenstein, Gadsden, for appellant.

William J. Baxley, Atty. Gen., and Jack A. Blumenfeld, Asst. Atty. Gen., for the State, appellee.

ROBERT E. L. KEY, Circuit Judge.

The appellant was indicted in the court below for the offense of robbery and being put to trial thereon was convicted for the included offense of grand larceny and sentenced to the penitentiary for a term of ten years. From this judgment and sentence appeal is prosecuted to this court.

Tanice S. Dunn, after visiting her mother, a patient at the Baptist Memorial Hospital in Gadsden, was waiting on the sidewalk in front of the hospital when her purse which contained certain items of personal property, including prescription birth control pills, all of which exceeded the value of $5.00, was snatched from her shoulder. The prescription had been filled for Mrs. Dunn; was so identified and was found afterwards in an automobile in which appellant was riding.

The identical assignments of error relating to the search of the automobile and the admission of its contents into evidence in this case were made in another case involving the same defendant who committed another offense of purse snatching at another time near the same hospital. This latter case has been before this court on a previous occasion and decided adversely to the contentions of the appellant, therefore, no useful purpose will be served by a discussion of these assignments. *Jackson v. State,* 55 Ala.App. 334, 315 So.2d 131.

The single question to be resolved by this appeal is whether or not the lineup conducted by the Gadsden Police Department on the day following the commission of the offense was so suggestive and illegal as to contaminate and corrupt the mind and recollection of the victim that her intracourt identification was without independent foundation and due to be excluded from consideration of the jury. This must be determined from the totality of the surrounding circumstances. *Havard v. State,* 50 Ala.App. 147, 277 So.2d 421, cert. den. 291 Ala. 781, 277 So.2d 423.

To support the total weight of circumstances theory appellant submits in brief several factors which he argues indicate an unnecessarily suggestive and therefore illegal lineup. We have examined the record with great care and have concluded that the victim had abundant opportunity for establishing an independent identification of the appellant; that constitutional standards worthy of emulation were adhered to and that, as a matter of law, the motions to suppress were properly denied and the case sent to the jury.

The first three factors assigned by appellant relate to alleged disparities of exclusion of certain physical types, colors and appearances. Exhibits to the record are a complete answer to these contentions and do not lend any weight to the appellant's position.

One of the factors assigned concern the right of counsel to defendants in a lineup. It must be noted that this occurred on the day following the incident at which time appellant had not been charged therewith being under arrest at that time for disorderly conduct and only under investigation for the offense for which he was afterwards convicted. His right to counsel had not yet attached and his fail-

ure to have or waive counsel does not render the procedure illegal. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411.

On the other hand, the victim testified that as she stood on the sidewalk in front of the hospital, the appellant, wearing a derby-like hat, walked by her and she saw his face at a distance of not more than six or eight inches; that in ten or fifteen seconds the same person snatched her purse and fled to a waiting automobile which sped away. This automobile was afterwards stopped and its occupants, including the appellant, were arrested following information of the automobile and its license number being furnished to the police by State's witness McDowell who had seen the automobile and the defendant in the hospital parking lot immediately prior to the purse snatching. The witness McDowell also identified the appellant in court although he did not attend the lineup.

The testimony of the victim also was clear and convincing and stood up under rigorous cross-examination. She had a good opportunity to observe the identity of the defendant prior to and at the time of the commission of the offense. There was no evidence of any substantial discrepancy between the defendant's pre-lineup description and his actual description. Moreover, she testified that she recognized him immediately when she saw him in the lineup. We are of the opinion that the trial judge was correct in admitting the identification of the appellant by the victim. *Dawson v. State,* 47 Ala.App. 293, 253 So.2d 362.

We have considered the entire record under Code of Alabama 1940, Title 15, Section 389, and conclude that the judgment below is due to be affirmed.

The foregoing opinion was prepared by Honorable ROBERT E. L. KEY, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, as amended, and the Court has adopted his opinion as its own.

The judgment below is hereby affirmed.

All the Judges concur.