TYSON, Judge.
Alfonzo Eugene Manning was charged by indictment with the robbery of Eunice H. McDonald by taking $179.00 from her person, etc. The jury found the appellant guilty as charged and fixed punishment at thirteen years imprisonment. The trial court set sentence accordingly.
Eunice H. McDonald related that she was employed at Grant’s Convenience Store, a quick mart, located at 1224 12th Street West, in Jefferson County, Alabama, on November 10, 1975. She was working the shift from 7:00 in the morning until 3:00 in the afternoon. Shortly after 10:00 that morning she was mopping the floor near the cash register when a black male approached her with a soft drink bottle in hand (R. p. 11):
“Q. Now, in brief, what did this man do?
“A. He got a Coke. He come around. I sat the mop down. I went behind the cash register. I asked did he want the drink opened. He said, yes. I opened it and he gave me a dollar. I started to give him change back. He had a gun on me.”
Mrs. McDonald stated that she handed $179.00 from the cash register to the appellant. She stated that the following day Sergeant Cousins of the Birmingham Police Department brought her nine photographs of black males and that she selected the appellant’s photograph without hesitation and without any suggestion whatever from Sergeant Cousins. She further stated that the appellant was wearing a blue boggan, an overall jumper made of blue jean material, had a mustache, was about five feet nine inches tall, and weighed between 145 and 160 pounds.
Mrs. McDonald further stated that, after taking the proceeds from the cash register, the appellant marched her to the back of the store and locked her in a bathroom. She stated that she began screaming and beating on the door shortly after she heard him leave, and the door was subsequently opened by a man who heard her cries. She stated that she immediately notified the police.
Jerald E. Ash testified that he was a patrol officer for the City of Birmingham, and on December 4, 1975, he stopped a truck that had no “tail lights.” Upon asking the driver for his- license he recognized the name and immediately ran it through NCIC. Officer Ash then placed the appellant under arrest and took him to jail.
The appellant’s motion for a directed verdict was overruled.
Alfonso Eugene Manning stated that he was employed as a truck driver for Reliable Transfer Company in Birmingham in the Fall of 1975. He testified that he had a conviction in Texas in 1960 for larceny of an automobile and an assault in 1961.
Manning related, that on November 10, 1975, he did not go to work that morning because a girl named Issie Nelson, who operated a “shot house” for him, called to say that her son was sick and she could not go to work. Manning then described the “shot house,” located at 2711 2nd Avenue North in Birmingham, which he operated. Manning testified that Leon Robinson, Vernon Johnson, Henry C. Webb, and another fellow called “Shine,” came over on the morning of November 10th, shortly after 9:00 o’clock, and they began a card game called “Georgia Skin.” Manning contended this game went on into the afternoon, and from time to time different individuals came in for a shot or to play craps. He stated that this was on a Monday, and he was at this place until late afternoon. Manning stated that he was earning $125.00 per week as a truck driver and had been on this job for about fourteen years.
Upon being shown several photographs made of the appellant around December 5th or 6th in 1975, Manning stated that he had a full beard at that time and had been wearing such for “about a year.”
Harold Vernon Johnson, Jr., stated that, accompanied by Henry C. Webb, he went to 2711 7th Avenue on Monday, November 10, 1975, which he knew to be the appellant’s “shot house.” He stated that he arrived there shortly after 9:00 that morning and later a fellow named “Shine” and another *682 one named “Joe” came in. He stated that they played a card game called “Georgia Skin.” He said that this game continued until after 1:00 in the afternoon and the only time the appellant stopped playing cards was just to wait on customers. Johnson further stated that Manning had a full beard at this time.
The State called Sergeant Edward Cousins in rebuttal. Cousins advised that he had been with the robbery detail for almost eleven years and had investigated an incident which occurred on November 10, 1975, on 1224 12th Street West, in Jefferson County, that this was a convenience store and the victim was one Mrs. Eunice H. McDonald. Cousins then identified nine photographs, black and white in color, of black males, which he carried to the store on the morning of November 11, 1975. Cousins related that without any suggestion whatever he handed Mrs. McDonald a stack of photographs and a few minutes later she handed one back of the appellant and stated, “This was the man.”
He further stated that he talked with the appellant at Police Headquarters on December 8, 1975, and without any threat, intimidation, coercion, or inducement, and after giving him a Miranda warning, the appellant told him that he worked for Reliable Transfer at 1137th Place North and had gone to work there on the morning of November 10, 1975. Cousins stated that no lineup was conducted, but that subsequently Mrs. McDonald did identify the appellant at preliminary hearing.
I
Counsel for the appellant earnestly contends that the photographic identification in the case at bar was unduly suggestive and therefore was in violation of the appellant’s rights under Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.
As required by Simmons v. United States, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247, we must consider the totality of circumstances to determine whether or not the exhibition of the photographs to Mrs. McDonald on the day following the robbery was so suggestive as to make her in-court identification subject to be stricken.
Mrs. McDonald testified that the store was well lighted and she was near the front when the appellant approached her within two or three feet and asked that a Coke bottle be opened. She stated that she had a good look at his face and subsequently as she handed him the money he was armed with a short barrelled pistol. She stated that she observed him as he pushed her into the bathroom and closed the door. Mrs. McDonald further related that she immediately selected his photograph from among a group of nine black and white photographs shown to her the following day by Sergeant Cousins.
Sergeant Cousins stated that he handed her a stack of photographs, that he made no suggestion to her whatever, and without any hesitation Mrs. McDonald selected the appellant’s photograph.
Mrs. McDonald stated that her identification of the appellant in court was from her viewing the appellant at the time of the robbery.
Judge Bowen, in Henry v. State, Ala.Cr.App., 355 So.2d 411, states the applicable law in this manner:
“After carefully reviewing all the testimony, we are of the opinion that there was no taint of suggestiveness in any pretrial identification which would vitiate the eyewitness’s in-court identification of the appellant. The facts simply do not lend themselves to such an interpretation. Schillaci v. State, Ala.Cr.App., 347 So.2d 552, cert. denied, Ala., 347 So.2d 556 (1977); Fletcher v. State, Ala.Cr.App., 337 So.2d 58 (1976); Impson v. State, Ala.Cr.App., 331 So.2d 837 (1976); Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976); Jackson v. State, 56 Ala.App. 276, 321 So.2d 243 (1975); Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). As the corporeal identification of the appellant was conducted before the *683 initiation of any adversary judicial criminal proceedings, whether by way of formal charge, preliminary hearing, indictment or arraignment, the right to counsel at the line-up had not attached. Moore v. Illinois, United States Supreme Court, 434 U.S. 220, 98 S.Ct. 458, 54 L.Ed.2d 424 decided December 12, 1977.”
Moreover, the record here does not disclose a lineup as such. Mrs. McDonald stated that her in-court identification was due to her viewing the appellant at the time of the robbery though she subsequently selected him from the group of the photographs shown to her on November 11, 1975, by Sergeant Cousins, and subsequently at preliminary hearing.
As to the issue of the assistance of counsel at the time of the out of court photographic identification process, this issue was determined adversely to the appellant by the Supreme Court of the United States in United States v. Ash, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619. See also McGhee v. State, 48 Ala.App. 330, 264 So.2d 560, and Terry v. State, 50 Ala.App. 299, 278 So.2d 748.
After careful review of this record, we find same free of error. The judgment is therefore
AFFIRMED.
All the Judges concur.