The appellant was indicted and convicted for the rape of a sixteen year old Robert E. Lee High School student in Montgomery, Alabama. The jury which adjudged the appellant guilty fixed his punishment at ninety-nine years and one day imprisonment. Both at trial and on appeal, the appellant is represented by court appointed counsel.
The appellant has presented two issues for review: (1) Whether § 15-11-1, Code of Alabama 1975, (Acts of Alabama 1975, No. 1205, § 4-106), gives the accused an absolute right to a preliminary hearing even after indictment, and (2) whether a pretrial lineup procedure so tainted an in-court identification of the appellant as to make it inadmissible.
The facts of this case reveal a deliberately vicious and shocking account of abduction and rape. It would constitute no benefit to examine the details other than to comment that they are utterly revolting and almost satanic in nature.
The evidence conclusively shows that on the morning of Friday, April 1, 1977, at approximately nine-thirty, the prosecutrix, while going from one class to another, was forcibly abducted from the halls of Robert E. Lee High School in Montgomery, Alabama, by the appellant. She was forced and pulled into a Chevrolet Malibu automobile and made to place her head in the appellant's lap. The appellant struck her repeatedly about the head and shoulders in an effort to subdue her.
The prosecutrix was driven to a gravel pit in north Montgomery where she was forced to undress and repeatedly raped by the appellant. The appellant then let her out of the automobile after taking her two jade rings and drove away leaving the prosecutrix clad in only her sandals, panties and bra.
The prosecutrix stopped the first automobile she encountered and was aided by a minister and his wife who notified the police.
Based on a detailed description of the rapist furnished by the prosecutrix, the appellant was apprehended at approximately four-thirty that afternoon. A wealth of physical and identifying evidence revealed the appellant to be the rapist described by the prosecutrix.
At police headquarters the appellant voluntarily confessed to the abduction, rape and robbery of the prosecutrix. Immediately upon learning of the theft of the two rings the officers searched the patrol car which transported the appellant to police headquarters and found the rings in the back seat of that vehicle.
The appellant maintained that he had begun drinking and smoking marijuana the day before the rape and simply did not remember anything concerning the prosecutrix or the crime.
The evidence against the appellant is overwhelming and leaves no doubt that the appellant is in fact guilty as charged. *Page 1160 
 I
Initially the appellant argues that he was absolutely entitled to a preliminary hearing.
The appellant was arrested on April 1, 1977. The motion to quash the indictment alleged that on April 5, 1977, defense counsel was appointed to represent the appellant at trial; that the appointment specified that the appellant would receive a preliminary hearing on April 11, 1977; that on April 11th, defense counsel was notified by the District Attorney's Office that the appellant had been indicted by the Montgomery County Grand Jury during the week beginning April 4, 1977.
At the hearing on the motion to quash, defense counsel argued these alleged facts but did not place in evidence any supporting document or order of the lower court ordering that the appellant receive a preliminary hearing. We have carefully searched the record on appeal and find nothing to support the grounds of the motion to quash and the argument of counsel.
Statements made by counsel are not evidence. Where the appellant moves to quash the indictment upon grounds which involve matters outside the record, there is nothing presented to this court for review. Beal v. State, 138 Ala. 94, 35 So. 58
(1903); Jordan v. State, 165 Ala. 114, 51 So. 620 (1910);Andrews v. State, 152 Ala. 16, 44 So. 696 (1907); Smith v.State, 165 Ala. 74, 51 So. 632 (1910); Franklin v. State,233 Ala. 203, 171 So. 245 (1937).
 II
After carefully reviewing all the testimony, we are of the opinion that there was no taint or hint of suggestiveness in the pretrial lineup which would vitiate the eyewitnesses' in-court identification of the appellant. The facts simply do not lend themselves to such an interpretation. Schillaci v.State, Ala.Cr.App., 347 So.2d 552, cert. denied, Ala.,347 So.2d 551 (1977); Fletcher v. State, Ala.Cr.App., 337 So.2d 58
(1976); Impson v. State, Ala.Cr.App., 331 So.2d 837 (1976);Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601 (1976); Jackson v. State, 56 Ala. App. 276,321 So.2d 243 (1975); Manson v. Brathwaite, 432 U.S. 98,97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). As the corporeal identification of the appellant was conducted before the initiation of any adversary judicial criminal proceedings, whether by way of formal charge, preliminary hearing, indictment or arraignment, the right to counsel at the lineup had not attached. Moore v. Illinois, United States Supreme Court, ___ U.S. ___, 98 S.Ct. 458, 54 L.Ed.2d 424 (1977); Kirbyv. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411
(1972).
We have carefully and conscientiously searched the record for error and have found none. It is therefore the order of this court that the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.